1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA**

9

10   JUAN L. VIELMAN,                          )   Case No. CV 10-4387 JHN (JCG)
                                               )
11                        Petitioner,          )   **ORDER DISMISSING PETITION**
                                               )   **WITH LEAVE TO AMEND**
12         v.                                  )
                                               )
13                                             )
     MIKE MARTEL, Warden,                      )
14                                             )
                          Respondent.          )
15                                             )
     _____           )
16

17         On June 15, 2010, petitioner Juan L. Vielman ("Petitioner"), a California

18   prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person

19   in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  Because Petitioner

20   submitted his Petition without using the proper form, the Petition is dismissed

21   with leave to amend.

22         Petitioner submitted his Petition without using the form required by this

23   Court.  Local Rule 83-16.1 of the Local Rules for the United States District Court

24   for the Central District of California requires that a petition for writ of habeas

25   corpus "shall be submitted on the forms approved and supplied by the Court."

26   Form petitions are a procedural device which significantly aid the Court in

27   processing the numerous habeas petitions presented to the Court.  The form

28   petition is designed to aid Petitioner in the organization and presentation of

1    information relevant to the habeas application.  The form petition also presents

2    the relevant information regarding Petitioner's claim(s) in a "simple, concise, and

3    direct" manner, as required by Fed. R. Civ. P. 8(d).  Where a habeas petition has

4    not been submitted on the court-approved form, it is subject to dismissal with

5    leave to amend.  Adv. Comm. Notes to Rule 2 of the Rules Governing § 2254

6    Cases in the United States District Courts.

7        Based on the foregoing, IT IS ORDERED THAT:

8        1.  The Petition for Writ of Habeas Corpus is dismissed with leave to

9    amend.

10        2.  If Petitioner still wishes to pursue this action, he is granted until **July**

11    **16, 2010**, to file a First Amended Petition for Writ of Habeas Corpus by a Person

12    in State Custody ("First Amended Petition").

13        3.  The First Amended Petition must be labeled with the case number

14    assigned to this case, *i.e.*, Case No. CV 10-4387 JHN (JCG), and must be labeled

15    "First Amended Petition."  In addition, Petitioner is informed that the Court

16    cannot refer to a prior pleading in order to make his First Amended Petition

17    complete.  Local Rule 15-2 requires that an amended pleading be complete in and

18    of itself without reference to any prior pleading.  This is because, as a general

19    rule, an amended pleading supercedes the original pleading.  *See Loux v. Rhay*,

20    375 F.2d 55, 57 (9th Cir. 1967).

21        4.  Petitioner must use and complete the court form "Petition for Writ of

22    Habeas Corpus by a Person in State Custody" for the First Amended Petition.

23    The First Amended Petition must comply with Federal Rule of Civil Procedure 8,

24    and with any and all instructions in the form petition.  In particular, Petitioner

25    must follow the instruction to state specific facts, not conclusions, in support of

26    his grounds.  (*See* form petition, p. 5).  Petitioner must also clearly number and

27    distinguish from one another each and every claim he intends for the Court to

28            2

address.  Any claim that is not clearly numbered and separated from all other claims will not be addressed as a separate claim for relief.

5.  Failure to file a First Amended Petition in accordance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b).

Dated this 16th day of June, 2010.

Hon. Jay C. Gandhi
United States Magistrate Judge

3